# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01532

INDUSTRIAL TOWER AND WIRELESS, LLC

      Plaintiff,

v.

DISH WIRELESS LLC,

      Defendant.

---

## COMPLAINT WITH JURY DEMAND

---

Plaintiff Industrial Tower and Wireless, LLC ("Industrial Tower" or "Plaintiff"), through undersigned counsel, submits its Complaint with Jury Demand against Defendant Dish Wireless LLC ("Dish" or "Defendant") as follows:

### Parties, Jurisdiction, and Venue

1.      This action involves the leasing of certain wireless communication sites by Plaintiff to Defendant for the operation of Defendant's wireless communications network.

2.      Plaintiff is a Delaware Limited Liability Company with a principal street address at 40 Lone St., Marshfield, MA 02050.

3.      Upon information and belief, Defendant is a Colorado Limited Liability Company with a principal street address at 9601 S. Meridian Boulevard, Englewood, CO 80112.

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (a) as there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) as Defendant is a resident of Colorado and pursuant to the agreement of the Parties.

6.      Plaintiff and Defendant entered into a Master Lease Agreement ("MLA"); pursuant to Section 29 of the MLA, each Party agrees to bring any claims relating to the MLA "in the United State District Court for the District of Colorado," and each Party "waives any objection to laying venue in any such action or proceeding in the Chosen Courts" (attached as **Exhibit 1**).

<u>General Allegations</u>

7.      On or around June 8, 2021, Plaintiff and Defendant entered into the MLA.

8.      Plaintiff maintains and operates a network of wireless communication sites.

9.      Under the MLA, Plaintiff agreed to lease portions of certain sites to Defendant for Defendant to operate its wireless communications equipment.

10.     As contemplated in Section 1.3 of the MLA, Plaintiff and Defendant entered into site lease agreements for each individual site Plaintiff was leasing to Defendant.

11.     In total, Plaintiff and Defendant entered into sixty-two (62) site specific lease agreements ("SLA").

12.     As the MLA states, "Each SLA shall have binding effect only as to the Leased Property which [Plaintiff] leases to [Defendant]." Ex. 1 § 1.3.

13.     The MLA further states, "During the SLA Term for each Site, for the use of the Leased Properties, [Defendant] shall pay [Plaintiff] Basic Rent and Additional Rent (if and as applicable)." Ex. 1 § 4.

14.     Each SLA establishes the basic rent, additional rent, and annual rent escalation for the corresponding site.

15. Each SLA establishes that rent (basic rent and additional rent, if applicable) shall be paid monthly.

16. Each SLA states at § 2(a)(i), "Commencing on the SLA Rent Commencement Date, the Basic Rent for this SLA shall be a monthly rental of [individual rent amount], to be paid and to escalate in accordance with the terms set forth in Section 4 of the MLA."

17. Each SLA continues on to state at § 2(a)(ii), "Additional Rent, if any, shall be paid in accordance with the terms set forth in Section 4 of the MLA…."

18. In signing the MLA and sixty-two (62) individual SLAs, Defendant agreed to rent sixty-two (62) sites from Plaintiff to operate its wireless communications equipment in exchange for rent payment.

19. While the beginning term dates of each SLA differ, they range from April 2022 to February 2025.

20. The term end dates of all of the SLAs occur in various months of 2032.

21. As such, all sixty-two (62) SLAs have been operational and binding from, at the latest, February 2025 through 2031.

22. Defendant has failed to pay all basic and additional rent, where applicable, on all sixty-two (62) sites pursuant to each SLA for the month of November 2025.

23. Defendant has failed to pay all basic and additional rent, where applicable, on all sixty-two (62) sites pursuant to each SLA for the month of December 2025.

24. Defendant has failed to pay all basic and additional rent, where applicable, on all sixty-two (62) sites pursuant to each SLA for the month of January 2026.

25. Defendant has failed to pay all basic and additional rent, where applicable, on all sixty-two (62) sites pursuant to each SLA for the month of February 2026.

26.     Defendant has failed to pay all basic and additional rent, where applicable, on all sixty-two (62) sites pursuant to each SLA for the month of March 2026.

27.     **Exhibit 2** provides a summary chart of all owed and unpaid rent on all sixty-two (62) sites from November 2025 through March 2026.

28.     Defendant has breached the MLA and all sixty-two (62) SLAs by failing to pay monthly rent that is owed.

29.     Pursuant to Section 9.1(a) of the MLA, Plaintiff issued a Written Notice of Default to Defendant on February 18, 2026 ("Formal Notice"), informing Defendant of its breach of the MLA and all sixty-two (62) SLAs (attached as **Exhibit 3**).

30.     Defendant failed to respond to the Formal Notice.

31.     Pursuant to Section 9.1(b) of the MLA, Plaintiff issued a Second Written Notice of Default to Defendant on March 20, 2026 ("Second Formal Notice"), informing Defendant of its continued breach of the MLA and all sixty-two (62) SLAs and failure to respond to the Formal Notice (attached as **Exhibit 4**).

32.     Defendant failed to respond to the Second Formal Notice.

33.     To date, Defendant continues to fail to pay all basic and additional rent on all sixty-two (62) sites.

34.     Defendant has thus materially breached the MLA and SLAs, and owes Plaintiff the full remaining amounts due thereunder.

35.     Defendant's equipment continues to occupy Plaintiff's towers, and Plaintiff is entitled to reimbursement of any expenses surrounding the removal of such equipment.

36.     Pursuant to the MLA, "In any legal proceeding brought by a Party hereunder or under an SLA, the Prevailing Party shall be entitled to recover its costs, expenses and reasonable attorney's fees, both at trial and on appeal, in addition to all other sums allowed by law.

## Claim for Relief
### (Breach of Contract)

37.     Plaintiff restates and incorporates by reference the allegations contained in the previous paragraphs.

38.     Plaintiff, as lessor, and Defendant, as lessee, entered into the Master Lease Agreement and sixty-two (62) Site Lease Agreements (collectively "Agreements").

39.     Pursuant to the Agreements, Defendant was to pay monthly rent on all sixty-two (62) sites.

40.     Defendant failed to pay rent on all sixty-two (62) sites in November 2025, December 2025, January 2026, February 2026, and March 2026, to date.

41.     The Agreements are valid and enforceable.

42.     Plaintiff performed all of its obligations under the Agreements.

43.     Defendant has failed to adequately perform its duties under the Contract by, among other things, failing to pay rent when due and leaving its equipment on Plaintiff's facilities.

44.     As a direct and proximate result, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Claim for Relief
### (Breach of Contract)

45.     Plaintiff restates and incorporates by reference the allegations contained in the previous paragraphs.

46.     Defendant promised it would pay Plaintiff certain amounts for the ability to use Plaintiff's communication facilities, and remove its equipment when it was no longer using the facilities.

47.     Relying on those promises, Plaintiff permitted Defendant to use Plaintiff's facilities.

48.     Defendant used the communication facilities, and, based on its promises, is estopped from failing to pay for such use and from failing to remove its equipment.

49.     Plaintiff has been damaged by Defendant's failures in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     Judgment in favor of Plaintiff and against Defendant on Plaintiff's claims for relief, for damages in an amount to be proven at trial, including all amounts owed under the parties' Agreements and all equipment removal costs, plus pre-judgment and post-judgment interest, attorneys' fees, and court costs;

2.     All reasonable costs and expenses, including attorney fees, legal fees and expenses, on all Claims as provided for in the Master Lease Agreement;

3.     Judgment for costs, expert witness fees, and interest pursuant to the law; and

4.     For such other and further relief as the Court and jury deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

DATED this 10th day of April 2026.

                                        TAFT STETTINIUS & HOLLISTER LLP

                                        *s/ Christian H. Hendrickson*
                                        Christian H. Hendrickson, #32225
                                        Allison Takacs, #54196

                                        *Attorneys for Plaintiff Industrial Tower and Wireless,
                                        LLC*